# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50112
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

David Isaac, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-37-1

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

David Isaac, Jr. was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Isaac was previously convicted of the felony of aggravated assault with a deadly weapon for firing multiple shots

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50112

at someone.[†] *See* Tex. Penal Code § 22.02(a)–(b). Isaac argues that § 922(g)(1) is unconstitutional facially and as applied to him.

Recent precedent forecloses both claims. First, we have already held that § 922(g)(1) is facially constitutional. *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024). Second, Isaac's as-applied challenge is also foreclosed. "From the earliest days of the common law, firearm regulations have included provisions barring people from misusing weapons to harm or menace others." *United States v. Rahimi*, 144 S. Ct. 1889, 1899 (2024). Here, Isaac previously misused a firearm in an attempt to harm another. A ban on his ability to possess a firearm thus fits easily within our Nation's historical tradition of firearm regulation. *See id.* at 1888–902. Moreover, we recently held that someone convicted of "car theft" could be constitutionally dispossessed of his firearm. *See Diaz*, 116 F.4th at 467, 471–72. *A fortiori*, someone convicted of aggravated assault with a deadly weapon can be constitutionally dispossessed of a firearm.

AFFIRMED.

---

[†] Isaac was also convicted of deadly conduct, stemming from an incident where he pointed a firearm at a mother picking up her son from school. That was only a misdemeanor because he did not discharge his weapon. Tex. Penal Code § 22.05(e).